UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CT-3064-F

**FREDERICK BANKS,**

    Plaintiff,

v.

**DR. ALLISSA MARQUEZ,** et al.,

    Defendants.

**ORDER**

Plaintiff Frederick Banks, a federal detainee, is currently civilly committed and confined at the Federal Medical Center in Butner ("FMC Butner"), North Carolina, pursuant to 18 U.S.C. § 4241(d). Banks has filed the present "Complaint and Petition for a Writ of Mandamus 28 U.S.C. § 1361 and Habeas Corpus 28 U.S.C. § 2241," seeking immediate release from his civil commitment (D.E. 1). Also before the court is Banks' motion for leave to proceed in forma pauperis (D.E. 2).

Although Banks captions his pleading as a Complaint and Petition for Mandamus and Habeas Corpus, the object of Banks' pleading, and the essence of the relief sought by Banks, is release from his confinement pursuant to § 4241. Thus, the court construes Banks' pleading as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See United States v. King*, No. 1:05-CR-247, 2011 WL 3269453, at * 1 (W.D.Mich. July 12, 2011)("the court will construe the [] petition in a manner which best effectuates [the petitioner's] clear intent."). Because the matter is substantively a habeas petition, the court proceeds with an initial review of the petition pursuant to 28 U.S.C. § 2243, which provides that the court need not seek a response from the

respondent when it is clear on the face of the petition that the petitioner is not entitled to relief. As explained herein, the court dismisses Banks' petition.

**I.      Background**

A grand jury in the United States District Court for the Western District of Pennsylvania has charged Banks with interstate stalking and wire fraud in violation of 18 U.S.C. §§ 1343 and 2; aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1); and making false statements in violation of 18 U.S.C. § 1001(a)(3). *See In re Banks*, No. 16-2453, 2016 WL 6518527, at *1 (3d Cir. Nov. 3, 2016).

On April 22, 2016, the district court judge ordered Banks committed to the custody of the Attorney General for a psychiatric or psychological examination to evaluate Banks' competency to stand trial, to be conducted at BOP facilities in Butner, North Carolina. *See* Mem. Order, *United States v. Banks*, No. 2:15-CR-168-MRH-1 (W.D.Pa. Apr. 22, 2016). BOP psychologist Dr. Heather H. Ross, Ph.D., evaluated Banks. *See* Status Rpt., *United States v. Banks*, No. 2:15-CR-168-MRH-1 (W.D.Pa. July 29, 2016). On September 29, 2016, the district court conducted a hearing on Banks' capacity to proceed in his criminal case. *See* Minute Entry, *United States v. Banks*, No. 2:15-CR-168-MRH-1 (W.D.Pa. Oct. 3, 2016). On October 3, 2016, the court concluded that Banks "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, unable to assist properly in his defense, and unable to represent himself in this or any other criminal proceeding." Order, *United States v. Banks*, No. 2:15-CR-168-MRH-1 (W.D.Pa. Oct. 3, 2016). The court ordered Banks committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d) "to determine whether there is a substantial probability that in the foreseeable future Mr. Banks will attain the capacity to permit [his

criminal] proceedings to go forward." *See* Order, *United States v. Banks,* No. 2:15-CR-168-MRH-1 (W.D.Pa. Oct. 3, 2016).

Banks was admitted to FMC Butner on December 6, 2016. *See* Mem. Order, *United States v. Banks,* No. 2:15-CR-168-MRH-1 (W.D.Pa. Feb. 8, 2017).[1] A status report from FMC Butner is due by March 28, 2017 for the court to determine pursuant to 18 U.S.C. § 4241(d)(2)(A) as to the likelihood of Banks attaining the capacity to proceed with this case within a reasonable period of time. *See* Mem. Order, *United States v. Banks,* No. 2:15-CR-168-MRH-1 (W.D.Pa. Feb. 8, 2017).

Banks has filed the instant pleading by which he seeks an injunction "from further delay or requesting a *Sell*[2] hearing," his immediate release from confinement, an order "ordering [defendants] to do their official duty," and a hearing on the question of whether he should be released from his civil commitment. D.E. 1, ¶ VII.

## II. Discussion

A habeas corpus application allows a petitioner to challenge the fact, length, or conditions of custody and seek immediate release. *See, e.g., Preiser v. Rodriguez,* 411 U.S. 475, 484–85 (1973). Pretrial detainees may file a habeas corpus petition pursuant to § 2241. *See* 28 U.S.C. § 2241; *United States v. Tootle,* 65 F.3d 381, 383 (4th Cir. 1995). However, a federal pretrial detainee first must exhaust other available remedies to be eligible for habeas corpus relief under § 2241. *See, e.g., United States v. Addonizio,* 442 U.S. 178, 184 n.10 (1979); *Jones v. Perkins,* 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional

---

[1] The court ordered that the date of the four-month competency evaluation and restoration period of 18 U.S.C. § 4241(d) be calculated based on the date of Banks' arrival at FMC Butner on December 6, 2016. The four-month period expires on April 6, 2017 in the absence of a further order by the court. *See* Mem. Order, *United States v. Banks,* No. 2:15-CR-168-MRH-1 (W.D.Pa. Feb. 8, 2017).

[2] *Sell v. United States,* 539 U.S. 166 (2003) (forcible medication of civilly committed individual to return the individual to competency)

3

circumstances in criminal cases, the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial.") *United States v. Pipito,* 861 F.2d 1006, 1009 (7th Cir. 1987); *Kotmair v. United States,* 143 F. Supp. 2d 532, 534 (E.D.N.C. 2001). Likewise, civilly committed detainees must exhaust all available remedies before pursuing relief under § 2241. *Timms v Johns,* 627 F.3d 525, 533 (4th Cir. 2010); *see, e.g., Buencamino v. United States,* No. 5:15-HC-2027-D, 2015 WL 11090379, at * 1 (E.D.N.C. May 19, 2015); *Ketchum v. Unnamed Respondent,* No. 5:11-HC-2228-FL, 2012 WL 3629027, at * 1 (E.D.N.C. Aug. 22, 2012); *Avila-Sifuentes v. U.S. Dist. Ct.,* No. EP–10–CV–33–KC, 2010 WL 456923, at * 1 (W.D.Tex. Feb. 2, 2010); *Meyers v. United States,* No. 3:08CV10, 2008 WL 4265167, at *1 (E.D.Va. Sept. 12, 2008).

Banks has not exhausted available remedies in the trial and appellate courts, and has not alleged any exceptional circumstances sufficient to excuse this failure. In fact, as stated, the docket in Banks' criminal action reflects that a competency hearing was conducted on September 29, 2016, Banks was admitted to FMC-Butner on December 6, 2016, his four-month competency evaluation and restoration period under 18 U.S.C. § 4241(d) expires on April 6, 2017, and a status report is due from FMC Butner on March 28, 2017. *See* Mem. Order, *United States v. Banks,* No. 2:15-CR-168-MRH-1 (W.D.Pa. Feb. 8, 2017). Because Banks' criminal and civil commitment proceedings are ongoing, the court dismisses Banks' petition.

Alternatively, federal law permits civil commitment in accordance with procedures that ensure that such confinement is both limited in duration and reasonably related to the purpose for which a detainee is confined. *See, e.g.,* 18 U.S.C. § 4241; *United States v. Kokoski,* 82 F.3d 411 (table), 1996 WL 181482, at * 3–4 (4th Cir. 1996) (per curiam) (unpublished); *United States v. Strong,* 489 F.3d 1055, 1062–63 (9th Cir. 2007) (collecting cases); *Buencamino,* 2015 WL

4

11090379, at * 2 (E.D.N.C. May 19, 2015). Because the statutory requirements are in place, Banks' involuntary commitment under § 4241 does not violate due process. *See Strong,* 489 F.3d at 1063; *Buencamino,* 2015 WL 11090379, at * 2 (May 19, 2015); *Green v. United States,* No. 5:11-HC-2254-D, 2012 WL 2367390, at * 2 (E.D.N.C. June 21, 2012). Accordingly, even if Banks had exhausted his remedies with the trial court and appellate courts, he could not obtain relief from the court under § 2241 concerning his civil commitment. Thus, the court dismisses Banks' petition.

### III. Conclusion

Based upon the foregoing, Banks' habeas corpus petition (D.E. 1) is DISMISSED without prejudice.

SO ORDERED, this the 16th day of March, 2017.

*/s/ James C. Fox*
JAMES C. FOX
Senior United States District Judge